Estate of Hunt Henderson, Deceased, Allard D'Heur, Executor, and Jeanne Crawford Henderson, Executrix v. Commissioner. Jeanne Crawford Henderson v. Commissioner.
Estate of Henderson v. Commissioner
Docket Nos. 111401, 111402.
United States Tax Court
1943 Tax Ct. Memo LEXIS 30; 2 T.C.M. (CCH) 1089; T.C.M. (RIA) 43505; December 14, 1943
*30 C. J. Batter, Esq., 902 American Security Bldg., Washington, D.C., and John L. Toler, Esq., for the petitioners. J. L. Backstrom, Esq., and Homer K. Fisher, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion These two cases of the Estate of Hunt Henderson and his widow involve deficiencies in income taxes totalling $906.12 for the year 1938 while Henderson was still living. Since they arise in Louisiana, a state having the law of property of a marital community, the deductions are claimed one-half by each spouse. Respondent disallowed the deductions representing interest paid by the deceased husband as executor, after his discharge as such in each instance, of two successions, his brother, William's, and his sister, Ellen's on additional Federal estate taxes and additional state income taxes due from the two successions; and also legal fees and accounting fees paid in connection with litigation on the Federal income tax due by William Henderson's succession. The disallowance was made on the ground that the amounts paid were not in discharge of obligations of decedent or his wife; that if they were so, they were not ordinary and necessary expenses; and in any *31 event, that the petitioners had an unexhausted right of recoupment from the beneficiaries of the two successions. Findings of Fact The facts were stipulated and we adopt the stipulation as our findings herein. Those facts necessary to an understanding of the issues are as follows: Hunt Henderson, the decedent in Docket No. 111401, died June 21, 1939. Jeanne Crawford Henderson, petitioner in Docket No. 111402, was married to decedent on February 8, 1904, and remained so until his death. They were both life-long residents of Louisiana, a community property state. For the calendar year 1938 Hunt and Jeanne Crawford Henderson each filed a separate income tax return, each purporting to show, in his respective return, one-half of the community income and deductions. The decedent was the executor of the succession of William Henderson who died November 6, 1933, and of the succession of Ellen H. Henderson who died September 4, 1935. Before January 4, 1938, the above successions had closed, the heirs had been put in possession and the executor discharged. The executor as residuary legatee inherited a large amount of securities from Ellen H. Henderson. On September 15, 1938, the decedent *32 paid to the State of Louisiana the sum of $13.57 as interest on additional income tax for the years 1934 and 1935 on the succession of Ellen H. Henderson. The final judgment in this succession, placing the legatees in possession, was rendered August 6, 1936, and interest in the amount of $7.79 was due for the period from August 15, 1935 to September 15, 1938; and $5.78 for the period from August 15, 1936 to September 15, 1938. On November 30, 1938 the decedent paid to the State of Louisiana, the sum of $402 as interest on additional income taxes for the years 1934 and 1935 on the succession of William Henderson. The final judgment in the succession of William Henderson placing the legatees in possession was rendered August 6, 1935 and interest in the amount of $364.41 was due for the period from August 15, 1935 to November 30, 1938; and $37.59 for the period from August 15, 1936 to November 30, 1938. The assets of the successions of William Henderson and Ellen H. Henderson distributed or placed in the possession of others than Hunt Henderson had a value of over $100,000. On December 29, 1938, the decedent paid to the United States Collector of Internal Revenue the sum of $2,722.77 *33 as interest on an additional estate tax assessment made against the succession of Ellen H. Henderson. This interest was due for the period from December 4, 1936 to December 19, 1938. Hunt Henderson, the husband, and Jeanne Crawford, his wife, each deducted as interest in computing net income on his (or her) Federal income tax return for the year 1938 one-half of the sums see forth above as interest paid or $1,569.17 each; which the Commissioner of Internal Revenue disallowed. On January 4, 1938, the decedent paid to Pope, Ballard and Loos $1,366.27 as legal fees for services over the period June 3, 1936 to December 10, 1937; in relation to the income tax liability of the succession of William Henderson for the years 1916 and 1917 (B.T.A. Docket No. 85114 and 88548); and on February 9, 1938, to John D. Murphy $82.50 as accounting fees for services rendered over the period June 3, 1936, to December 10, 1937 in relation to similar tax liability for the year 1933. Hunt Henderson and Jeanne Crawford, his wife, deducted on their income tax returns for the year 1938 the sums of $724.39 and $724.38, respectively, or approximately one-half of the sums set forth as legal and accounting fees *34 above; which the Commissioner disallowed. The decedent, Hunt Henderson, had been discharged as executor of the several successions above which were closed without reserving funds to pay the obligations herein set forth. Each petitioner made his tax return on the basis of cash receipts and disbursements of the community. Opinion KERN, Judge: The decedent, Hunt Henderson, domiciled in Louisiana, paid in 1938, after he had been discharged as executor, five several debts of two successions, his sister, Ellen's and his brother, William's, the amounts of which are not in dispute, and claimed one-half the amount of each as deductions in his Federal income tax for that year, his wife claiming the other half by reason of the law of the marital community then applicable. In his sister's succession, the debts paid were interest on additional Federal estate taxes and interest on additional state (Louisiana) income taxes, and in his brother's interest on additional state (Louisiana) income taxes, and legal and accounting fees arising out of the executor's contesting the succession's Federal income taxes for certain years. It will be seen that of the three kinds of indebtedness, one was common *35 to both successions. We shall consider them severally. As to the question whether the interest paid by the decedent upon the additional Federal estate taxes on the succession of his sister is deductible by him, the answer is found in . Decedent was residuary legatee under this succession and made the payments in question after his discharge as executor. That part of the interest accruing after decedent, as legatee, was put in possession of the securities inherited from his sister, accrued upon indebtedness of the decedent, and its payment was properly deductible from decedent's gross income. Respondent's contention that only that part of the interest is deductible by decedent which was proportionate to his share as beneficiary of the succession is, in our opinion, without merit. Decedent as transferee became personally liable for the payment of interest upon the unpaid estate tax at the time he came into possession of the property. This interest he paid, and may deduct. With regard to the payments made by decedent of interest upon additional income taxes due to the State of Louisiana from the successions in question, *36 we know of no Louisiana statute, and none has been cited, which definitely places a personal liability upon a discharged executor, even though a residuary legatee, and thus a transferee, for the payment of interest upon an unpaid state income tax liability. Therefore, the statutory basis for our conclusions in the Green case and the case of does not exist in this regard and respondent's determination upon this issue is approved. We come now to the third class of deductions claimed, that of "legal fees in relation to the income tax liability of the succession of William Henderson" and "accounting fees" paid in the same relation. Since reference is made to cases formerly on this Court's docket, we must assume that this tax liability was Federal. The two kinds of expenses are of the same character and may be considered together. The services of each kind were given over the period from June 1936 to December 1937. Since the heirs in William Henderson's succession were not put in possession until August 6, 1936, the suit was commenced while decedent was still executor; but Article 1676 of the Civil Code of Louisiana requires *37 the executor to continue to defend such suits even after his administration has ended. [1] But if we assume in favor of the petitioners that there was an obligation on the decedent here to defend or prosecute such suits - and it can be only an assumption, for we are not told whether the heirs or executor continued to defend - it does not follow that the expenses thereby incurred were his personal obligation after his discharge. Since decedent is claiming the deduction on his own behalf it cannot be allowed unless the obligation continues beyond the period of his trusteeship. Even as executor he could not claim such expenses as expenses incurred in trade or business. ; . As executor he might possibly have claimed under section 23 (a) (2), as amended by section 121, Revenue Act of 1942, which allows non-business expenses where the expense was "paid or incurred * * * for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income." See . *38 But decedent's petitioners are not claiming the deduction in his behalf as executor, but as a deduction from his personal income. A short answer, therefore, is all that is necessary. The petitioners have not shown that any personal liability for such expenses attached to the decedent because the suit was commenced in his capacity as executor. The expenses are those of the succession of which decedent was merely the fiduciary, and as such they may not be deducted from the gross income of the decedent himself. This disposition of the point makes it unnecessary for us to discuss the Treasury Regulation (Regulations 103, section 19.23 (a)-15) which refuses to allow any deduction for expenses incurred in recovering taxes or resisting additional taxes; or the several cases cited by petitioner taking a contrary view. Judgment will be entered under Rule 50. Footnotes
1. 1676. Duty of executor to prosecute or defend suits. - The testamentary executor, even after the expiration of his administration, is bound to continue to defend the suits commenced by or against him on account of the succession, until the heirs appear or cause themselves to be represented.↩